```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF TENNESSEE
                           AT GREENEVILLE
```

DIANA BEAR                        )
                                  )
V.                                )        NO. 2:10-CV-271
                                  )
MICHAEL J. ASTRUE, Commissioner   )
of Social Security                )

## REPORT AND RECOMMENDATION

Plaintiff has filed a complaint seeking judicial review of what she describes as the final decision of the Secretary in denying her application for Social Security Disability Insurance Benefits ("DIB"). The defendant has filed a motion to dismiss pursuant to F.R.Civ.P. 12(b)(1), asserting this court has no subject-matter jurisdiction. Although the plaintiff, who is represented by counsel, has not filed a response, the court nevertheless will address the motion to dismiss on its merits.

Plaintiff previously filed an application for DIB that was denied in February 2007, and plaintiff sought no administrative review of that decision. In the meantime, plaintiff's insured status had expired on December 31, 2005.

In 2009, plaintiff filed a second application for DIB, alleging that she became disabled on June 15, 2000. After her claim was denied, she requested a hearing before an Administrative Law Judge ("ALJ"), who dismissed her request for a hearing on the basis that plaintiff's 2009 application was based on the same facts and issues that were involved in her earlier application and therefore was barred by the doctrine of *res judicata*. According to defendant's brief and motion, plaintiff filed a request for review of the ALJ's dismissal, which the Appeals Council denied on November 4, 2010. The notice of the Appeals Council did not contain any notification regarding appeals rights.

Thereafter, plaintiff filed her suit in this court.

Defendant argues that there was no "final decision," as a result of which this court has no subject matter jurisdiction by virtue of 42 U.S.C. § 404(g).

It is more than anomalous that the Commissioner can cut off the right to judicial review by unilaterally denying a hearing to a claimant. How can the claimant contest the validity of an ALJ's ruling if the Commissioner's representatives decline to issue what otherwise would be a final ruling? It is Kafka-esque. But, as far as this case is concerned, that appears to be an academic question best left to another time and case. Plaintiff's insured status expired in December 2005, so her second application necessarily had to be based on facts and issues contained within her first application which indeed did become the final decision of the Commissioner in all respects.

Accordingly, it is respectfully recommended that defendant's motion to dismiss be granted.[1]

    s/ Dennis H. Inman
United States Magistrate Judge

---

[1] Any objections to this report and recommendation must be filed within fourteen (14) days of its service or further appeal will be waived. 28 U.S.C. § 636(b)(1)(B) and (C). *United States v. Walters*, 638 F.2d 947-950 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140 (1985).